1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

9

AT SEATTLE

10

| 11 | CHACHALOUNGE LLC D/B/A CHA CHA LOUNGE & BIMBO'S CANTINA, and JOWW LLC D/B/A/ PERCY'S & CO., individually and on behalf of all others similarly situated, | No. |
|---|---|---|
| 12 | | **NOTICE OF REMOVAL BY DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SEVERALLY SUBSCRIBING TO POLICY NO. RTB-0000493-01 AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SEVERALLY SUBSCRIBING TO POLICY NO. RTB-0000494-01** |
| 13 | | |
| 14 | Plaintiffs, | |
| 15 | v. | |
| 16 | | |
| 17 | CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. RTB-000493-01, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. RTB-000494-01, and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | |
| 18 | | |
| 19 | | [Removal from King County Superior Court Case No. 21-2-03805-7] |
| 20 | | |
| 21 | Defendants. | |

22

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

23

THE WESTERN DISTRICT OF WASHINGTON:

DEFENDANTS' NOTICE OF REMOVAL – Page 1

**WILSON ELSER**

Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7ᵗʰ Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901(Fax)

260963670v.1

PLEASE TAKE NOTICE that Defendants identified as "Certain Underwriters at Lloyd's, London Subscribing to Policy No. RTB-0000493-01" and "Certain Underwriters at Lloyd's, London Subscribing to Policy No. RTB-0000494-01" (collectively "Defendants" and/or "Underwriters"), while not being properly served and reserving of all defenses and rights, hereby remove this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington.   In support of this Notice, Defendants respectfully state as follows that removal is proper on the following grounds:

## I. BACKGROUND AND PROCEDURAL HISTORY

1.      Plaintiff Chachalounge LLC d/b/a Cha Cha Lounge & Bimbo's Cantina ("Cha Cha Lounge") and Plaintiff JOWW LLC d/b/a Percy's & Co. ("Percy's"), which on information and belief as represented by their counsel have a common ownership interest (sometimes referred herein collectively as "Plaintiffs"), filed a class action complaint against Certain Underwriters at Lloyd's, London in King County Superior Court, Case No. 21-2-03850-7 ("State Court Action"), seeking relief on behalf of Plaintiffs and hundreds of purported class members for damages based on breach of contract, costs and attorney fees, along with declaratory relief as to insurance coverage arising from loss of business related to closure due to COVID-19.   A true and correct copy of Plaintiffs' Complaint in the State Court Action is attached hereto as Exhibit 1.

2.      Counsel for Plaintiffs in this action also represents Plaintiff Jennifer B. Nguyen in a competing class action in the above-entitled Court, *Nguyen v.*

DEFENDANTS' NOTICE OF REMOVAL – Page 2

WILSON ELSER

Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main)  ●  206.709.5901(Fax)

*Travelers Casualty Insur. Co. of Am.*, W.D. Wash. Case No. 2:20-cv-00597, asserting jurisdiction is proper based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) in that at least one class member is of diverse citizenship from the insuring defendant in that case, there are 100 or more class members, and the aggregate amount in controversy exceeds $5,000,000 (See Nguyen Complaint, W.D. Wash. Case No. 2:20-cv-00597, ECF No. 1, at ¶ 1; Amended Nguyen Complaint, ECF No. 15 at ¶ 1).  As Plaintiffs are aware, this Court has joined the majority of courts around the country who have addressed similar claims as presented here and in *Nguyen* in finding that such businesses are not entitled to coverage under their insurance policies for lost income stemming from the COVID-19 pandemic. See *Nguyen v. Travelers Cas. Ins. Co. of Am.* , No. 2:20-cv-00597-BJR, __ F.Supp.3d __, 2021 WL 2184878, 2021 U.S. Dist. LEXIS 101772 (W.D. Wash. May 28, 2021), *reconsideration denied*, 2021 WL 3077922, 2021 U.S. Dist. LEXIS 136141 (W.D. Wash. July 21, 2021).

3.     On June 18, 2021, without waiving the defects to sufficiency of process and/or service of process in connection with the Complaint and via special appearance, Defendant Underwriters that signed onto a certificate for insurance issued to Plaintiff Cha Cha Lounge, i.e. Policy No. RTB-0000493-01, filed an answer to the Complaint, asserting various defenses, including but not limited to improper service.  A true and correct copy of the Answer to the Complaint is attached as Exhibit 2.

4.     On August 10, 2021, Plaintiffs filed an "Amended Complaint-Class Action" (against Defendants identified as "Certain Underwriters at Lloyd's,

WILSON ELSER
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901(Fax)

London subscribing to Policy No. RTB-0000493-01," "Certain Underwriters at Lloyd's, London subscribing to Policy No. RTB-0000494-01", and "Certain Underwriters at Lloyd's, London."  A true and correct copy of the Amended Complaint-Class Action is attached as Exhibit 3.

5.     On September 20, 2021, without waiving the defects to the service of process in connection with the Amended Complaint and via special appearance, Defendants filed an answer to the Amended Complaint-Class Action, a true and correct copy of which is attached as Exhibit 4.

6.     Plaintiffs' purported class action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 in that the Court has diversity jurisdiction as Plaintiffs and Defendants are not citizens of the same state and the amount in controversy exceeds $75,000.  In addition, Plaintiffs' purported class action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b), in that the number of class members alleged amounts to be in the hundreds (Amended Compl. at ¶ 80), the amount in controversy exceeds $5,000,000, and both named Plaintiffs are diverse from the citizenship of Defendants (28 U.S.C. §§ 1332(d)(2)(A)) and/or at least one Defendant is a citizen or subject of a foreign state (28 U.S.C. §§ 1332(d)(2)(B). See also *Nguyen,* 2021 U.S. Dist. LEXIS 101772 *23 (W.D. Wash. May 28, 2021). Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal, together with copies of all process, pleadings and orders being filed with the Superior Court of Washington, County of King, and will be served on counsel for Plaintiffs and, upon their being served or appearing, any other named defendants in this action.

WILSON ELSER

Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901(Fax)

## II.  THE PARTIES

7.     As alleged in the State Court Action, Plaintiff Cha Cha Lounge is a Washington limited liability company, with its principal place of business in Seattle, Washington. *See* Exhibit 3, Amended Compl. at ¶ 3.

8.     As alleged in the State Court Action, Plaintiff Percy's is a Washington limited liability company, with its principal place of business in Seattle, Washington. *See* Exhibit 3, Amended Compl. at ¶ 4.

9.     Defendants, who subscribe to Policy Nos. RTB-0000493-01 and RTB-0000494-01 (the "Policies"), are business entities domiciled in the United Kingdom.  None are citizens of Washington.

## III. THE ACTION

10.    The State Court Action arises from Plaintiffs' claim for breach of contract and declaratory relief causes of action against Defendants in connection with the Policies, sold and issued by Defendants.  *See* Exhibit 3, Amended Compl. at ¶ 11.  Like the Plaintiff in *Nguyen, supra*, and other cases, Plaintiffs claim they are entitled to coverage under the Policies for damages which they purportedly sustained due to the closure of their respective business due to the COVID-19 pandemic.

11.    The State Court Action alleges that from March 13, 2020 to November 15, 2020, Governor Jay Inslee of Washington issued proclamations and orders related to the COVID-19 outbreak in King County and Washington State (collectively, the "Proclamations and Shut-Down Orders").    Plaintiffs complied with these Proclamations and Shut-Down Orders.  This compliance

DEFENDANTS' NOTICE OF REMOVAL – Page 5

**WILSON  ELSER**

Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7ᵗʰ Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901(Fax)

260963670v.1

included preventing the public, including its employees and customers, from entering its businesses to participate in dining, drinking, and congregating activities. Plaintiffs claimed they were forced to curtail and/or suspend their businesses and incur extra expense. They also assert that they were unable to use their restaurant and bar for their intended purposes. *See* Exhibit 3, Amended Compl. at ¶¶ 48-52.

12.    The State Court Action alleges that in March 2020, Plaintiffs tendered their losses to Defendants. Plaintiffs allege that Defendants denied all coverage to Cha Cha Lounge by letter dated April 2, 2020 and denied all coverage to Percy's by letter dated March 20, 2020. Plaintiffs allege that these denials are improper. *See* Exhibit 3, Amended Compl. at ¶¶ 3.7.

13.    The State Court Action includes breach of contract and declaratory relief causes of action against Defendants and prays for: (1) A declaratory judgment that the Policy or Policies cover Plaintiffs' losses and expenses resulting from the interruption of Plaintiffs' businesses related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities; (2) A declaratory judgment that Defendants are responsible for timely and fully paying all such losses; (3) Damages; (4) Class action status under CR 23; (5) Pre- and post-judgment interest at the highest allowable rate; (6) Attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 52, 811 P.2d 673 (1991), and/or applicable law.

/ / /

/ / /

DEFENDANTS' NOTICE OF REMOVAL – Page 6

**WILSON ELSER**

Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901 (Fax)

260963670v.1

## IV.  BASIS FOR REMOVAL

14.    The Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiffs and Defendants; (2) the amount in controversy exceeds $75,000.00 USD; and (3) all other requirements for removal have been satisfied.  Furthermore, the Court has jurisdiction under the CAFA, 28 U.S.C. § 1332(d), because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." See 28 U.S.C. § 1332(d)(2), (d)(5)(B); *Nguyen v. Travelers Cas. Ins. Co. of Am.,* 2021 U.S. Dist. LEXIS 101772 at * 10.     Furthermore, no CAFA exclusions apply.

### A.    Diversity of Citizenship

15.    For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship between the parties opposed in interest.   *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004).   For purposes of diversity jurisdiction, it is black-letter law that a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *see also, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

/ / /

DEFENDANTS' NOTICE OF REMOVAL – Page 7

**WILSON ELSER**
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901(Fax)

260963670v.1

16.     Here, the diversity of citizenship requirement of 28 U.S.C. § 1332 has been satisfied because Plaintiffs are Washington State limited liability companies, with their principal place of business in Kings County, Washington, and thus, they are Washington citizens.  Defendants are all domiciled in the United Kingdom and none are citizens of Washington.

17.     Furthermore, CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Here, Plaintiffs are Washington citizens and none of the Defendants are Washington citizens.  Alternatively, CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(C).  In this case, Plaintiffs, who allege to be members of a class, are Washington citizens and at least one defendant is a subject of a foreign state, namely the United Kingdom.  Thus, this putative class action satisfies CAFA's minimal diversity requirements.

**B.     Amount in Controversy**

18.     When the complaint does not specify a particular amount of damages as is the case here, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

19.     Soon after filing their Answer to the Amended Complaint, on September 22, 2021, Defendants, without waiving their objection to improper service, propounded targeted requests for admissions on Plaintiffs seeking

DEFENDANTS' NOTICE OF REMOVAL – Page 8

**WILSON ELSER**
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7ᵗʰ Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901(Fax)

260963670v.1

information regarding the amount of damages sought by Plaintiffs to determine whether this case meets the amount in controversy required for federal jurisdiction.

20.    Based on the unverified discovery responses of Plaintiffs, served on October 22, 2021, Plaintiffs' claims for damages exceed the $75,000 amount in controversy requirement. While Plaintiffs did not provide a direct admission or denial that the damages claimed in the State Court Action exceeds $75,000 per individual, Plaintiffs authenticated their Loss Notices with loss dates of March 16, 2020.   The Amended Complaint implicates several governor's proclamations relating to Covid 19 which affected Plaintiffs' claimed use of their business. The first Governor's proclamation is dated February 29, 2020 while the last proclamation was made on November 15, 2020.  Exhibit 3, Amended Compl. ¶¶ 36, 46.  Plaintiffs alleged they complied with these orders which among other things forced business closure and loss use of property.   Exhibit 5, Amended Compl. ¶¶ 49 – 53.

21.    Plaintiff Cha Cha Lounge's claim notice dated March 16, 2020 was submitted soon after the first proclamation.  The probable amount of loss in the notice is $10,000.  Thus, there was a $10,000 amount of loss for the first month of closure for Cha Cha Lounge.  Based on the allegations of the Amended Complaint, there were approximately 11 months of closure.   The allegations considered in conjunction with the $10,000 amount loss for one month identified in Cha Cha Lounge's notice of claim leads to a claimed total of at least $110,000 in amount of controversy for Cha Cha Lounge.

DEFENDANTS' NOTICE OF REMOVAL – Page 9

**WILSON ELSER**

Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7ᵗʰ Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901(Fax)

260963670v.1

22.     Likewise, Percy's claim notice also states $10,000 in approximate loss for date of loss March 16, 2020.  The probable amount of loss in the notice is $10,000.  Thus, there was a $10,000 amount of claimed loss for the first month of closure for Percy's.   Based on the allegations of the Amended Complaint, there were approximately 11 months of closure.   The allegations considered in conjunction with the $10,000 amount loss for one month identified in Percy's notice of claim – which was only recently authenticated - leads to a total of $110,000 in amount of controversy for Percy's.

23.     In light of Plaintiffs' recently served discovery responses, the amount in controversy for the State Court Action, if proved, amounts to $110,000 per Plaintiff, which would exceed $75,000 and meets the jurisdictional amount for removal to federal court.  Defendants could only recently ascertain this amount in controversy through Plaintiffs' discovery responses served on October 22, 2021. Furthermore, on November 22, 2021, Plaintiffs' counsel confirmed that Plaintiffs' unverified responses were truthful and accurate and that Plaintiffs no longer disputed that the amounts in controversy were stratified with respect to seeking removal.

24.     As noted above and alleged by Plaintiffs, this purported class action, brought on behalf of "hundreds,"  (Amended Compl. at ¶ 80)  is not one in which the "number of members of all proposed classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (alleging "a class of 'thousands of persons" implies "a logical minimum of 2,000 class members") (quoting *Tompkins v. Basic*

**WILSON ELSER**
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7ᵗʰ Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901(Fax)

1    *Research LLC*, No. S–08–244 LKK/DAD, 2008 WL 1808316, at *3 (E.D. Cal.

2    Apr. 22, 2008)).

3         25.   Under CAFA, the claims of individual class members are aggregated

4    to determine if the amount in controversy exceeds the required "sum or value of

5    $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).  The

6    U.S. Supreme Court has clarified that a notice of removal need only include a

7    plausible allegation that the amount in controversy exceeds $5 million and need

8    not include evidentiary submissions.  *Dart Cherokee Basin Operating Co. v.*

9    *Owns*, 574 U.S. 81, 135 S.Ct. at 550–51 (2014).  While Defendants deny that a

10   class is a proper vehicle for Plaintiffs' claims, or that Defendants are liable for any

11   such claims, but has calculated the amount in controversy for purposes of this

12   notice by taking Plaintiffs' allegations at face value.  See also *Nguyen v. Travelers*

13   *Cas. Ins. Co. of Am.* , No. 2:20-cv-00597-BJR, __ F.Supp.3d __, 2021 WL

14   2184878, 2021 U.S. Dist. LEXIS 101772 (W.D. Wash. May 28, 2021),

15   *reconsideration denied*, 2021 WL 3077922, 2021 U.S. Dist. LEXIS 136141

16   (W.D. Wash. July 21, 2021). Without conceding any merit to Plaintiffs'

17   allegations, causes of action, or damages claims, assuming $110,000 per class

18   member in that allege damages is typical of hundreds of class members as

19   Plaintiffs allege here, the amount in controversy (100x $110,000 = $11,000,000)

20   alleged here satisfies CAFA's jurisdictional threshold of $5 million. *See Lewis v.*

21   *Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (noting removing

22   defendant need only show "that the potential damages could exceed the

23   jurisdictional amount"); *Woods v. CVS Pharm., Inc.,* No. CV 14-0259, 2014 U.S.

DEFENDANTS' NOTICE OF REMOVAL – Page 11

WILSON ELSER
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7ᵗʰ Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main)  ●  206.709.5901(Fax)

260963670v.1

Dist. LEXIS 13339, at *5 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").  Other categories of damages, including but not limited to recovery of attorney fees, only increases the amount in controversy.  See also, *Nguyen,* 2021 U.S. Dist. LEXIS 101772 at *10.

### C.    Other Removal Requirements

26.    Defendants contend that the Complaint and Amended Complaint were not properly served, and thus, neither triggers the time to file a notice of removal under U.S.C. § 1446(b)(1).  This removal is timely as the timeframe to file the notice has neither been triggered nor has expired.

27.    Furthermore, Defendants, while disputing proper service, were served with Plaintiffs' responses to Defendants' first set of Requests for Admissions on October 22, 2021 and later confirmed on November 22, 2021 by Plaintiffs' counsel that Plaintiffs would not contest the amount in controversy being now met as the responses, while not verified, were accurate.  As such, this Notice of Removal, filed on November 22, 2021, is within thirty (30) after receipt by the Defendants, through service, of "other paper" from which it may first be properly ascertained that the case is one which is or has become removable. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b)(3) & LCR 101(a) as based on the information recently provided to Defendants so as to now believe in good faith that Plaintiffs are seeking damages in excess of the jurisdictional amount notwithstanding the fact that the prayer in Plaintiffs' pleadings did not specify the dollar damage being sought in an attempt to avoid

**WILSON  ELSER**
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main)  ●  206.709.5901(Fax)

removal based on diversity and the holding in *Nguyen v. Travelers Cas. Ins. Co. of Am.* , No. 2:20-cv-00597-BJR, __ F.Supp.3d __, 2021 WL 2184878, 2021 U.S. Dist. LEXIS 101772 (W.D. Wash. May 28, 2021), *reconsideration denied*, 2021 WL 3077922, 2021 U.S. Dist. LEXIS 136141 (W.D. Wash. July 21, 2021). Defendants are concurrently filing a copy of this Notice of Removal with the Clerk of the King County Superior Court and the attorney representing Plaintiff, pursuant to 28 U.S.C. § 1446(d). A certificate of service is supplied with this petition for notice of removal listing Plaintiffs' counsel's contact information and publically available email address pursuant to 28 U.S.C. § 1446(b) and LCR 101(b).

28.     Pursuant to LCR 101(c), Defendants will file all additional records and proceedings in the State Court Action, together with defense counsel's verification, within fourteen days of the filing of this Notice of Removal.

29.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

### V. VENUE

30.     Defendants file this Notice of Removal in the United States District Court for the Western District of Washington, at Seattle, which is the federal district in which Plaintiffs brought the State Court Action.  Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 128(b).

### VI. NO WAIVER AND RESERVATIONS

31.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense.  Defendants do not

DEFENDANTS' NOTICE OF REMOVAL – Page 13

**WILSON ELSER**
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901(Fax)

waive and expressly reserve any and all rights, defenses, or objections of any nature that they may have to Plaintiff's claims. Defendants further do not waive the right to assert any and all defenses or affirmative defenses to Plaintiffs' Amended Complaint, including but not limited to, jurisdiction, sufficiency of process, or service of process. Defendants reserve the right to assert all applicable claims and defenses in response to the Amended Complaint.

**WHEREFORE,** Defendants hereby remove this case from the Superior Court of the State of Washington, County of King, and request that this Court accept jurisdiction of this action, and that this case be placed upon the docket of this Court for further proceedings, same as thought this case had originally be instituted in this Court.

Respectfully submitted,

DATED this 22nd day of November, 2021.

B. OTIS FEDER, WSBA # 24057
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1700 7th Avenue, Suite 2100
Seattle, WA  98101
Telephone:  206-709-5900
Facsimile:   206-709-5901
Email:  Otis.Felder@wilsonelser.com
Attorneys for Specially Appearing Defendants
Certain Underwriters at Lloyd's, London severally subscribing to policy number RTB-0000493-01 and policy number RTB-0000494-01.

DEFENDANTS' NOTICE OF REMOVAL – Page 14

**WILSON ELSER**
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901(Fax)

260963670v.1

| | |
|---|---|
| 1 | **<u>CERTIFICATE OF SERVICE</u>** |
| 2 | The undersigned certifies that on this day he/she |
| 3 | caused to be served in the manner noted below, a copy of the document to which this certificate is attached, on the |
| 4 | following counsel of record: |
| 5 | Amy Williams-Derry, Esq.<br>Ian S. Birk, Esq. |
| 6 | Gabriel E. Verdugo, Esq.<br>Nathan L. Nanfelt, Esq. |
| 7 | KELLER ROHRBACK LLP<br>1201 Third Avenue, Suite 3200 |
| 8 | Seattle, WA 98101<br>Email:  awilliams-derry@kellerrohrback.com |
| 9 | ibirk@kellerrohrback.com<br>gverdugo@kellerrohrback.com |
| 10 | nnanfelt@kellerrohrback.com |
| 11 | ☒  Via Email Transmission<br>☐  Via Facsimile |
| 12 | ☐  Via Hand Delivery<br>☒  Via U.S. MAIL - I enclosed [X] a true |
| 13 | copy [] the original(s) documents in a sealed envelope or package addressed to the persons at the |
| 14 | addresses as listed above.<br>[X]     Placed the envelope for collection and |
| 15 | mailing, following our ordinary business practices. I am readily familiar with this business's practice for |
| 16 | collecting and processing correspondence for mailing. On the same day that correspondence is |
| 17 | placed for collection and mailing, it is deposited in the ordinary course of business with the United |
| 18 | States Postal Service, in a sealed envelope with postage fully prepaid. |
| 19 | I certify under penalty of perjury under the laws of |
| 20 | the State of Washington that the foregoing is true and correct this 22th day of November, 2021. |
| 21 | |
| 22 | /s/ Brian Felder |
| 23 | Brian Felder |

DEFENDANTS' NOTICE OF REMOVAL – Page 15

260963670v.1