

Insurance Commissioner
ACCEPTED SOP
MAR 26 2021
TIME: 2pm

**FILED**
2021 MAR 23 01:31 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 21-2-03805-7 SEA

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| CHACHALOUNGE LLC D/B/A CHA CHA LOUNGE & BIMBO'S CANTINA, and JOWW LLC D/B/A PERCY'S & CO., individually and on behalf of all others similarly situated, | No. |
| Plaintiffs, | COMPLAINT—CLASS ACTION |
| v. | |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiffs Chachalounge LLC d/b/a Cha Cha Lounge & Bimbo's Cantina ("Cha Cha Lounge"), and JOWW LLC d/b/a Percy's & Co. ("Percy's") (collectively, "Plaintiffs"), by and through their undersigned attorneys, bring this action against Defendant Certain Underwriters at Lloyd's, London ("Defendant") and allege as follows based on personal knowledge and information and belief:

## II.   JURISDICTION

1.      This Court has original jurisdiction pursuant to RCW 2.08.010 because the case originates in Washington and the amount in controversy exceeds the jurisdictional threshold.

COMPLAINT—CLASS ACTION - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

2. This Court has personal jurisdiction over Defendant because on information and belief Defendant registered to do business in Washington State, has sufficient minimum contacts with Washington State, and otherwise intentionally avails itself of the markets within Washington State through its business activities, such that the exercise of jurisdiction by this Court is proper pursuant to RCW 4.28.185. Moreover, the claims of Plaintiffs arise out of and directly relate to Defendant's contacts with Washington State.

### III. PARTIES

3. Plaintiff Chachalounge LLC owns and operates Cha Cha Lounge, an iconic Seattle restaurant, bar, and lounge that is notorious for visits by local and national musicians, visual and performing artists, and comedians (including Britney Spears, the Melvins, Pink, Evan Dando, Elliott Smith, members of Pearl Jam, the Foo Fighters, Faith No More & Erasure, Drew Barrymore, Cameron Diaz, David Cross, Sarah Silverman, Jimmy Kimmel, Michael Pitt, Aaron Paul, Adrian Grenier, and Jason Momoa), with its principal place of business located at 1013 East Pike Street, Seattle, Washington in Seattle's Capitol Hill neighborhood.

4. Plaintiff JOWW LLC owns and operates Percy's, a full service dine-in restaurant and bar in Seattle's Ballard Avenue Historic District, with its principal place of business located at 5233 Ballard Ave NW, Seattle, Washington.

5. Defendant is a collection of underwriting or subscribing individuals (or "Names") with a principal office in London, England. The identification and citizenship of these Names is unknown and cannot readily be known. Defendant has agreed to be sued in and submit to the jurisdiction of a court of competent jurisdiction within the United States.

6. On information and belief, Defendant is authorized to write, sell, and issue business insurance policies in Washington State to policyholders, including Plaintiffs.

COMPLAINT—CLASS ACTION - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

7.      Defendant is vicariously liable for the acts and omissions of its employees and agents, including any outside person or entity to whom it assigned claims-handling or investigative responsibilities.

### IV.     NATURE OF THE CASE

8.      This lawsuit is filed to ensure that Plaintiffs receive the "all-risk" insurance benefits to which they are entitled and for which they paid.

9.      Defendant issued one or more "all-risk" insurance policies to each Plaintiff, including a Building and Personal Property Coverage Form and related endorsements ("the Policy" or collectively, "the Policies"), insuring Plaintiffs' property and business practice at all relevant times.

10.     The business property coverage policies issued to each Plaintiff are substantially identical.

11.     The Policies for each of Cha Cha Lounge and Percy's provide a "business description and location of premises" as follows: "Form of Business: Restaurant"; "Business Description: Tavern"; "Classification: Restaurants – with sale of alcoholic beverages that are 75% or more of the total annual receipts of the restaurants – with tables – without dance floor." The governmental response to the COVID-19 pandemic did not permit any operations or access to the premises consistent with "Restaurants - with tables" or "Tavern."

12.     Defendant issued the Policies in Washington covering property and business activities located in Washington.

13.     Plaintiffs' business property includes property owned and/or leased by Plaintiffs and used for a restaurant, lounge, and bar business and other related business activities. Access

COMPLAINT—CLASS ACTION - 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

to some or all of this property and premises was prohibited by the governmental response to the COVID-19 pandemic.

14.     Plaintiffs' business property includes indoor dining, lounge, and bar space with typical restaurant facilities for dining and bar service, including bar stools, bar counters, tables, booths, chairs, serving ware, glassware, utensils, menus, condiment and napkin dispensers, and other related equipment and property for customer use while congregating, ordering, and eating and drinking inside the businesses.

15.     The Cha Cha Lounge is licensed for occupancy at 249 guests.

16.     Two photographs featuring the interior of Cha Cha Lounge prior to the issuance of any Shut-Down Order follow below:



COMPLAINT—CLASS ACTION - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15     17.    Percy's is licensed for occupancy at 96 guests.

16     18.    Two photographs featuring the interior of Percy's prior to the issuance of any

17   Shut-Down Order follow below:

18
19
20
21
22
23
24
25
26

COMPLAINT—CLASS ACTION - 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26





COMPLAINT—CLASS ACTION - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

19.     Defendant promised to pay each Plaintiff for risks of "direct physical loss of or damage to" covered property.

20.     The Policies includes coverage for risks of both damage to and loss of covered property.

21.     The Policies define "Covered Causes of Loss" as "Risks of Direct Physical Loss."

22.     Plaintiffs paid all premiums for the coverage when due.

23.     Defendant's Policies provide each Plaintiff with Business Income Coverage, Extra Expense Coverage, Extended Business Income Coverage, and Civil Authority Coverage.

24.     The Policies state:

> We will pay for the actual loss of Business income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations.

25.     Washington law at RCW 48.11.040 defines "Property insurance" as "insurance against loss of or damage to real or personal property of every kind and any interest therein, from any or all hazard or cause, and against loss consequential upon such loss or damage."

26.     On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

27.     COVID-19 is a highly contagious virus that rapidly and easily spreads; it continues to spread across the United States, including in Washington State and King County.

28.     In many infected person, COVID-19 causes severe illness and requires hospitalization, including intubation. According to the United States Centers for Disease Control

COMPLAINT—CLASS ACTION - 7

EXHIBIT 1

and Prevention ("CDC"), the virus has killed over 540,000 people in the United States to date.[1]

Persons who survive the virus have experienced ongoing cognitive, neurological, and physical

impacts from the virus, even after the virus is no longer detected in their bodies.

29.     The COVID-19 virus is a physical substance that spreads through respiratory

droplets that are produced when an infected person breathes, talks, coughs or sneezes. It also

spreads when virus respiratory droplets are exhaled and aerosolized, and deposited on a surface

or object (e.g., door knobs, menus, glassware, bar stools and counters, tables and chairs,

computer keyboards, touch screens, credit card machines and key pads, writing or eating

utensils) and those objects are then touched by another person who then touches their own

mouth, nose or eyes. COVID-19 is caused by a novel (new) coronavirus that has not previously

been seen in humans.[2]

30.     COVID-19 remains stable and transmittable in aerosols for up to three hours and

up to two or three days on surfaces. Persons infected with COVID-19 can be asymptomatic yet

still spread the virus. Guidance issued by the CDC recommends avoiding indoor activities,

adhering to strict sanitation protocols, and maintaining social distance of at least six feet from

others in order to protect human health and property, and to minimize the spread of COVID-19.[3]

31.     As of March 21, 2021, at least 334,392 individuals in Washington State have

tested positive for COVID-19, 20,154 have been hospitalized, and 5,183 have died due to the

COVID-19 virus.[4]

---

[1] *COVID Data Tracker*, CDC, https://covid.cdc.gov/covid-data-tracker/#datatracker-home (last visited Mar. 23, 2021).
[2] *See, e.g., Coronavirus (COVID-19): Frequently Asked Questions*, CDC (updated Mar. 17, 2021), https://www.cdc.gov/coronavirus/2019-ncov/faq.html.
[3] *See Coronavirus (COVID-19): Personal and Social Activities*, CDC (updated Feb. 19, 2021), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.
[4] *COVID-19 Data Dashboard*, Wash. State Dep't of Health (last updated Mar. 20, 2021, 3:43 PM), https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard.

COMPLAINT—CLASS ACTION - 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

32.     As of March 21, 2021, at least 85,647 individuals in King County have tested positive for COVID-19, 5,264 have been hospitalized, and 1,451 have died due to the COVID-19 virus.[5]

33.     Public health authorities confirmed the first case of COVID-19 in King County on January 21, 2020.[6]

34.     On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-05, declaring a State of Emergency for all counties in the Washington State as the result of the COVID-19 outbreak.[7]

35.     Thereafter, Governor Inslee issued a series of certain proclamations and orders affecting many persons and businesses in Washington State, whether infected with COVID-19 or not, requiring certain public health precautions.

36.     Some local agencies acted even more quickly than the state. On February 27, 2020, the Northshore School District closed Bothell High School to completely disinfect the entire school because of concerns about the safety of school property stemming from COVID-19.[8] On March 2, 2020, Everett Public Schools Superintendent Dr. Ian B. Saltzman made a similar announcement closing schools, highlighting that Everett Schools would clean both schools and school buses.[9]

---

[5] *Id.*
[6] Casey McNerthney, *Coronavirus in Washington State: A Timeline of the Outbreak Through March 2020*, KIRO 7 News (Apr. 3, 2020, 2:03 AM), https://www.kiro7.com/news/local/coronavirus-washington-state-timeline-outbreak/IM65JK66N5BYTIAPZ3FUZSKMUE/.
[7] Proclamation 20-05 of Washington Gov. Jay Inslee (Feb. 29, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-05%20Coronavirus%20(final).pdf.
[8] *See* Michelle Reid, *Letter to Families: Bothell High School Closure*, Northshore Sch. District (Feb. 26, 2020), https://www.nsd.org/blog/~board/superintendent-blog/post/letter-to-families-bothell-high-school-closure.
[9] *See* Ian B. Saltzman, *Superintendent's Message, March 2, 2020*, Everett Pub. Schools (Mar. 2, 2020), https://www.everettsd.org/Page/32622.

COMPLAINT—CLASS ACTION - 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

37.     Issued March 12, 2020, Proclamation 20-08 closed all public and private K-12 schools in King, Pierce, and Snohomish counties.[10] Issued March 13, 2020, Proclamation 20-09, "Statewide K-12 School Closures," extended the school closure to the entire state.[11]

38.     Also on March 13, 2020, Governor Inslee issued Proclamation 20-11, "Statewide Limits on Gatherings," which prohibited all gatherings of 250 people or more in all Washington counties, including King County.[12]

39.     On March 16, 2020, Governor Inslee issued Proclamation 20-13, "Statewide Limits: Food and Beverage Services, Areas of Congregation," which prohibited the onsite consumption of food and/or beverages in a public venue, including restaurants, bars, or other similar venues in which people congregate for the consumption of food or beverages.[13]

40.     By order of Governor Inslee, venues operating as restaurants and bars, including Plaintiffs, were prohibited from providing food and beverage service, except for limited legally delivered or "take-out" services.[14]

41.     Also on March 16, 2020, Governor Inslee issued Proclamation 20-14, "Reduction of Statewide Limits on Gatherings," which prohibited all gatherings of fifty people or more in all Washington State counties, including King County, and further prohibited gatherings of

---

[10] Proclamation 20-08 of Washington Gov. Jay Inslee (Mar. 12, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-08%20Coronavirus%20%28tmp%29.pdf.
[11] Proclamation 20-09 of Washington Gov. Jay Inslee, *Statewide K-12 School Closures* (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-09%20Coronavirus%20Schools%20Amendment%20%28tmp%29.pdf.
[12] Proclamation 20-11 of Washington Gov. Jay Inslee, *Statewide Limits on Gatherings* at p. 2 (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-11%20Coronavirus%20Gatherings%20Amendment%20%28tmp%29.pdf.
[13] Proclamation 20-13 of Washington Gov. Jay Inslee, *Statewide Limits: Food and Beverage Services, Areas of Congregation* at p. 2 (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-13%20Coronavirus%20Restaurants-Bars%20%28tmp%29.pdf.
[14] *Id.* at p. 3.

COMPLAINT—CLASS ACTION - 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

1   fewer people unless organizers of those activities complied with certain social distancing and

2   sanitation measures.[15]

3          42.    On March 23, 2020, Governor Inslee issued Proclamation 20-25, "Stay Home –

4   State Healthy."[16] The proclamation, which amends or supersedes Proclamations 20-05, requires

5   that "[a]ll people in Washington State [] immediately cease leaving their home or place of

6   residence except: (1) to conduct or participate in essential activities, and/or (2) for employment

7

8   in essential business activities."[17] The proclamation prohibits "all non-essential businesses in

9   Washington State from conducting business, within the limitations provided herein."[18]

10          43.    Proclamation 20-25 continues a State of Emergency in all counties of

11   Washington State, and states that "the worldwide COVID-19 pandemic and its progression in

12   Washington State continues to threaten the life and health of our people as well as the economy

13   of Washington State, and remain a public disaster affecting life, health, property or the public

14   peace."[19]

15

16          44.    On November 15, 2020, Governor Inslee issued Proclamation 20-25.8, "Stay

17   Safe – Stay Healthy," "Rollback of County-by-County Phased Reopening Responding to a

18   COVID-19 Outbreak Surge," which amended Proclamation 20-05 and 20-25, *et seq.*[20] The

19   Proclamation closed all restaurants and bars for indoor dine-in service.[21]

20

---

21   [15] Proclamation 20-14 of Washington Gov. Jay Inslee, *Reduction of Statewide Limits on Gatherings* at p. 2 (Mar.
     16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-14%20COVID-19%20-
22   %20Prohibitions%20on%20Gatherings%20%28tmp%29.pdf.
     [16] Proclamation 20-25 of Washington Gov. Jay Inslee, *Stay Home – Stay Healthy* (Mar. 23, 2020),
23   https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronovirus%20Stay%20Safe-
     Stay%20Healthy%20%28tmp%29%20%28002%29.pdf.
24   [17] *Id.* at p. 3.
     [18] *Id.* at p. 2.
25   [19] *Id.* at p. 1.
     [20] Proclamation 20-25.8 of Washington Gov. Jay Inslee, *"Stay Safe – Stay Healthy" Rollback of County-by-County*
26   *Phased Reopening Responding to a COVID-19 Outbreak Surge* (Nov. 15, 2020),
     https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-25.8.pdf.
     [21] *Id.* at p. 3.

COMPLAINT—CLASS ACTION - 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

45.     Proclamation 20-25.8 also prohibits indoor operations at a variety of business locations near and in the vicinity of Plaintiffs' businesses, including but not limited to other restaurants and bars, fitness facilities and gyms, bowling centers, and movie theaters, including within one mile of Plaintiffs' businesses.[22]

46.     Governor Inslee's proclamations and orders related to the COVID-19 outbreak in King County and Washington State (collectively, the "Proclamations and Shut-Down Orders") have been extended and modified from time to time.

47.     Plaintiffs have complied with all of the Proclamations and Shut-Down Orders.

48.     Among other things, Plaintiffs have complied with the Proclamations and Shut-Down Orders by preventing the public, including its employees and customers, from entering its businesses to participate in dining, drinking, and congregating activities which were routine and allowed prior to the issuance of the Proclamations and Shut-Down Orders.

49.     In order to comply with the Proclamations and Shut-Down Orders, Plaintiffs were forced to dramatically curtail and/or suspend their businesses and incur extra expense.

50.     In order to comply with the Proclamations and Shut-Down Orders, Plaintiffs were unable to use their insured restaurant and bar business property and related equipment for their intended and insured purpose.

51.     Plaintiffs invested in their business property, insured their business property, insured the income they receive from their business properties, but were deprived of the property's functionality due to the government's response to the COVID-19 pandemic.

52.     No COVID-19 has been detected on Plaintiffs' business premises.

---

[22] *Id.* at pp. 3-4.

COMPLAINT—CLASS ACTION - 12

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

53.     Plaintiffs' property has sustained direct physical loss and/or damage related to COVID-19 and/or the proclamations and orders.

54.     Properties within one mile of Plaintiffs' properties, including restaurants, performance venues, gyms, and other civic and private businesses, have sustained damage to property related to COVID-19 and/or the Proclamations and Shut-Down Orders.

55.     Plaintiffs' property has sustained direct physical loss or damage covered by Defendant's Policies, including but not limited to business income coverage, extra expense coverage, extended business interruption coverage, civil authority coverage, and other expenses.

56.     Plaintiffs' property will continue to sustain direct physical loss or damage covered by Defendant's Policies, including but not limited to business income coverage, extra expense coverage, extended business interruption coverage, civil authority coverage, and other expenses.

57.     Plaintiffs suffered direct physical loss of use of their covered property for its intended purpose.

58.     Plaintiffs' property cannot be used for its full and insured intended purpose.

59.     As a result of the above, Plaintiffs have experienced and will experience loss covered by Defendant's Policies.

60.     Plaintiffs complied with all requirements in Defendant's Policies.

61.     In or about late March 2020, the Cha Cha Lounge tendered its covered loss to Defendant stemming from the Proclamations and Shut-Down Orders.

62.     On or about March 15, 2020, Percy's tendered its covered loss to Defendant stemming from the Proclamations and Shut-Down Orders.

63.     Defendant denied all coverage to Cha Cha Lounge by letter dated April 2, 2020.

COMPLAINT—CLASS ACTION - 13

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

64.     Defendant denied all coverage to Percy's by letter dated March 20, 2020.

65.     Defendant's denial letter to each Plaintiff was materially identical. Each denial letter was issued by the same out-of-state claims representative. In each letter, Defendant incorrectly asserts, without the benefit of any investigation, that neither Plaintiff has suffered "a direct physical loss."

66.     Defendant's coverage denial letters also falsely state, without investigation, that "there is no evidence that there has been physical damage to your property or to an adjacent property," inserting a new condition in the denial letter, absent from each Policy, for denying coverage. Neither Plaintiff's Policy requires that there be physical damage to an "adjacent property" in order to trigger coverage.

67.     Defendant has undertaken no meaningful investigation regarding the timing, scope, or impact of the Proclamations and Shut-Down Orders that affect Plaintiffs' business or business properties, including those impacts "other than at the described premises."

68.     Defendant has undertaken no meaningful investigation regarding the damage to property related to COVID-19 and/or the Proclamations and Shut-Down Orders at or in the vicinity of Plaintiffs' businesses.

69.     On information and belief, Defendant has denied or will deny similar claims of policyholders on the same basis.

70.     On information and belief Defendant has denied or will deny similar claims of policyholders without conducting an adequate investigation.

71.     The average purchaser of insurance in Washington State would understand that because there was a loss of access to Plaintiffs' "described premises" and/or its Covered

COMPLAINT—CLASS ACTION - 14

EXHIBIT 1

Property in whole or in part, that Plaintiffs have suffered a covered suspension of operations under the Policy.

72.     Defendant's across-the-board coverage denials are not consistent with its Policy language and with its obligations to investigate losses arising under its policies. Courts have found coverage or reasonable grounds for coverage during the COVID-19 pandemic in one or more ways, including based on (1) the actual or potential presence of virus in the air in the vicinity of the policyholder's business; (2) the necessity of modifying physical behaviors through the use of social distancing, avoiding confined indoor spaces, and/or not congregating in the same physical area as others; (3) governmental orders requiring that physical spaces such as the policyholder's business be shut down or that other property not be used for its insured business purposes; and/or (4) the need to mitigate the threat or actual physical presence of virus on door-handles, tables, silverware, surfaces, in heating and air conditioning systems and any other of the places where virus may be found.

## V.     CLASS ACTION ALLEGATIONS

73.     This matter is brought by Plaintiffs on behalf of themselves and those similarly situated, under CR 23(b)(1), 23(b)(2), and 23(b)(3).

74.     The Class Members that Plaintiffs seeks to represent are defined as:

A.     ***Business Income Breach of Contract Class:*** Named insureds in Washington State issued a Defendant policy with Business Income Coverage covering property situated in Washington State who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Business Income Coverage claim was denied by Defendant.

COMPLAINT—CLASS ACTION - 15

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

B. **_Business Income Declaratory Relief Class:_** Named insureds in Washington State issued a Defendant policy with Business Income Coverage covering property situated in Washington State who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

C. **_Extended Business Income Breach of Contract Class:_** Named insureds in Washington State issued a Defendant policy with Extended Business Income Coverage covering property situated in Washington State who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extended Business Income Coverage claim was denied by Defendant.

D. **_Extended Business Income Declaratory Relief Class:_** Named insureds in Washington State issued a Defendant policy with Extended Business Income Coverage covering property situated in Washington State who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

E. **_Extra Expense Breach of Contract Class:_** Named insureds in Washington State issued a Defendant policy with Extra Expense Coverage covering property situated in Washington State who incurred expenses while seeking to minimize losses from the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense Coverage claim was denied by Defendant.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

F.     ***Extra Expense Declaratory Relief Class:*** Named insureds in Washington State issued a Defendant policy with Extra Expense Coverage covering property situated in Washington State who incurred expenses while seeking to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

G.     ***Civil Authority Breach of Contract Class:*** Named insureds in Washington State issued a Defendant policy with Civil Authority Coverage covering property situated in Washington State who suffered a loss of business income and/or extra expense related to the impact of COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Civil Authority Coverage claim was denied by Defendant.

H.     ***Civil Authority Declaratory Relief Class:*** Named insureds in Washington State issued a Defendant policy with Civil Authority Coverage covering property situated in Washington State who suffered a loss of business income and/or extra expense related to the impact of COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

75.    Excluded from the Classes are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff.

76.    Plaintiffs reserve the right to amend the above-described class definitions based on information obtained in discovery including Defendant's internal records presently unavailable to Plaintiffs.

COMPLAINT—CLASS ACTION - 17

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

77.     This action may properly be maintained on behalf of each proposed class under the criteria of CR 23.

78.     **Numerosity**: The Class Members are so numerous that joinder of all members would be impractical. Plaintiffs are informed and believe that the proposed classes, named insureds in Washington State issued policies by Defendant covering property situated in Washington State, contains hundreds of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

79.     **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual Class Members. Common questions include, but are not limited to, the following:

A.     Whether the Class Members suffered covered losses based on common policies issued in Washington State covering property situated in Washington State by Defendant to members of the Classes;

B.     Whether Defendant acted in a manner common to the Classes and wrongfully denied claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C.     Whether Business Income Coverage in Defendant's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.     Whether Extra Expense Coverage in Defendant's policies of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

E.      Whether Civil Authority Coverage in Defendant's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

F.      Whether Defendant has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

G.      Whether, because of Defendant's conduct, Plaintiffs and the Class Members have suffered damages; and if so, the appropriate amount thereof; and

H.      Whether, because of Defendant's conduct, Plaintiffs and the Class Members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

80.      **Typicality:** Plaintiffs' claims are typical of the claims of the members of the classes. Plaintiffs and all Class Members have been injured by the same wrongful practices of Defendant, which issued policies to named insureds in Washington State covering property situated in Washington State. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the Class Members and are based on the same legal theories.

81.      **Adequacy:** Plaintiffs will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiffs nor their attorneys have any interests contrary to or in conflict with the Classes.

COMPLAINT—CLASS ACTION - 19

EXHIBIT 1

82.     **CR 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiffs seek adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the proposed classes. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant.

83.     **CR 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiffs and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a classwide basis.

84.     **CR 23(b)(3), Superiority**: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.    CAUSES OF ACTION

### Count One—Declaratory Judgment

*(Brought on behalf of the Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Class, Extra Expense Declaratory Relief Class, Civil Authority Declaratory Relief Class)*

85.     Previous paragraphs alleged are incorporated herein.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

86.     This is a cause of action for declaratory judgment pursuant to the Uniform Declaratory Judgments Act, RCW 7.24.010, *et seq.*

87.     Plaintiffs bring this cause of action on behalf of the Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Class, Extra Expense Declaratory Relief Class, and Civil Authority Declaratory Relief Class.

88.     Plaintiffs seek a declaratory judgment declaring that Plaintiffs' and Class Members' losses and expenses resulting from the interruption of their business are covered by the Policy issued by Defendant to named insureds in Washington State covering property situated in Washington State.

89.     Plaintiffs seek a declaratory judgment declaring that Defendant is responsible for timely and fully paying all such claims.

### Count Two—Breach of Contract

***(Brought on behalf of the Business Income Breach of Contract Class, Extended Business Income Breach of Contract Class, Extra Expense Breach of Contract Class, Civil Authority Breach of Contract Class)***

90.     Previous paragraphs alleged are incorporated herein.

91.     Plaintiffs bring this cause of action on behalf of the Business Income Breach of Contract Class, Extended Business Income Breach of Contract Class, Extra Expense Breach of Contract Class, and Civil Authority Breach of Contract Class.

92.     Defendant's Policy is a contract under which Plaintiffs and Class Members paid premiums to Defendant in exchange for Defendant's promise to pay Plaintiffs and the class for all claims covered by the Policy.

93.     Plaintiffs have paid their insurance premiums.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EXHIBIT 1

94.     Defendant intends to deny or has denied Plaintiffs coverage and has or will continue to deny coverage for other similarly situated members of the proposed class.

95.     Denying coverage for the claim is a breach of the insurance contract.

96.     Plaintiffs and the Class Members are harmed by the breach of the insurance contract by Defendant.

## VII.   REQUEST FOR RELIEF

1.     A declaratory judgment that the Policy or Policies cover Plaintiffs' losses and expenses resulting from the interruption of Plaintiffs' businesses related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

2.     A declaratory judgment that the Defendant is responsible for timely and fully paying all such losses.

3.     Damages.

4.     Class action status under CR 23.

5.     Pre- and post-judgment interest at the highest allowable rate.

6.     Attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 52, 811 P.2d 673 (1991), and/or applicable law.

7.     Such further and other relief as the Court shall deem appropriate.

DATED this 23rd day of March, 2021.

KELLER ROHRBACK L.L.P.


By: *s/ Amy Williams-Derry*
By: *s/ Ian S. Birk*
By: *s/ Gabriel E. Verdugo*
By: *s/ Nathan L. Nanfelt*
Amy Williams-Derry, WSBA #28711

COMPLAINT—CLASS ACTION - 22

EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Ian S. Birk, WSBA #31431
Gabriel E. Verdugo, WSBA #44154
Nathan L. Nanfelt, WSBA #45273
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
Email: awilliams-derry@kellerrohrback.com
Email: ibirk@kellerrohrback.com
Email: gberdugo@kellerrohrback.com
Email: nnanfelt@kellerrohrback.com

*Attorneys for Plaintiffs and the Proposed
Classses*

COMPLAINT—CLASS ACTION - 23

EXHIBIT 1