The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHACHALOUNGE LLC D/B/A CHA CHA LOUNGE & BIMBO'S CANTINA, and JOWW LLC D/B/A/ PERCY'S & CO., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. RTB-000493-01, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. RTB☐000494-01, and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>Defendants. | NO. 2:21-cv-1578-BJR<br><br>**ORDER TO SHOW CAUSE WHY MOTION FOR REMAND SHOULD NOT BE GRANTED** |

## I.     INTRODUCTION

This matter comes before the Court on a Motion for Remand, filed by Plaintiffs ChaChaLounge LLC and JOWW LLC (collectively "Plaintiffs"). Dkt. No. 12. Plaintiffs filed this putative class action in King County Superior Court on March 23, 2021. Defendants, Certain Underwriters at Lloyd's London ("Defendants" or "Lloyd's"), filed the Notice of Removal on November 22, 2021, asserting diversity jurisdiction under 28 U.S.C. § 1332(a), and the Class Action Fairness Act of 2005 ("CAFA"), codified in part relevant to this motion at 28 U.S.C. § 1332(d). Plaintiffs claim that jurisdiction exists under neither, and that remand is appropriate

ORDER TO SHOW CAUSE
RE: MOTION FOR REMAND

- 1

based on several independent grounds: (1) removal was untimely; (2) the Court lacks jurisdiction under CAFA, because Defendants have failed to demonstrate that the class claims meet the $5 million threshold amount in controversy; and (3) the Court lacks subject matter jurisdiction under § 1332(a), because Defendants have failed to demonstrate (a) that the parties are completely diverse; or (b) that Plaintiffs' claims meet the amount-in-controversy requirement. Having reviewed the parties' briefs filed in support of and opposition to the motion and the remainder of the record, the Court finds and rules as follows.

## II.   BACKGROUND

Plaintiffs are bar and restaurant operators in Seattle, asserting claims on behalf of themselves and purported class members, other similarly situated Lloyd's policyholders. Compl., Dkt. No. 1-1, ¶¶ 3 & 4. Plaintiffs claim damages stemming from Defendants' denial of business interruption claims related to COVID-19 closures. Defendants are "Certain Underwriters at Lloyd's London," including those subscribing to policies held by Plaintiffs.

Relevant to the issues presented by this motion, "Lloyd's itself is not an insurance company and does not underwrite risk. Rather, Lloyd's serves as a marketplace where investors, referred to as 'Names,' buy and sell insurance risk. . . . The Names are severally, but not jointly, liable to the insured for their proportion of the underwritten risk." *PHL Variable Ins. Co. v. Cont'l Cas. Co.*, No. 19-CV-06799-CRB, 2020 WL 1288454, at *2 (N.D. Cal. Mar. 18, 2020) (citing *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010)); *see also Nat'l Fire & Marine Ins. Co. v. Certain Underwriters at Lloyd's London*, No. C08-1836-JCC, 2009 WL 10676368, at *1 (W.D. Wash. June 26, 2009) ("The actual liability of a given Name depends on his percentage share of the syndicate of which he is a member as well as the

1   percentage of risk to which his syndicate has subscribed.").

2       Plaintiffs filed this putative class action in King County Superior Court on March 23,
3   2021, and an amended complaint on August 4, 2021. Defendants filed an answer on June 18,
4   2021. Dkt. No. 6-9. On August 6, 2021, Plaintiffs served Defendants with discovery requests,
5   seeking information about Defendants' policyholders in Washington who may have made
6   business interruption claims. Verdugo Decl., Exs. D & E. Defendants responded with "blanket
7   objections," claiming they had not been properly served. *Id.*, Exs. F & G. [1]

8       On May 28, 2021 (after Plaintiffs had filed their complaint in state court, but before
9   Defendants sought removal) this Court issued *Nguyen v. Travelers Cas. Ins. Co. of Am.*, 541
10  F.Supp.3d 1200 (W.D. Wash. 2021), *appeal dismissed sub nom. Vancouver Clinic Inc., PS v.*
11  *Affiliated FM Ins. Co.*, No. 21-35499, 2021 WL 6201784 (9th Cir. Dec. 1, 2021) dismissing
12  claims substantially similar to Plaintiffs' claims in this case.

13      On September 22, 2021, Defendants issued requests for admission ("RFAs") to Plaintiffs
14  in the King County action. One such request was that Plaintiffs admit that "the document attached
15  as Exhibit 1 is a true and correct copy of the Loss Notice [each Plaintiff] submitted in March
16  2020." Verdugo Decl., Exs. H & I, at 3. The "Exhibit 1" to which the RFA refers is the "Property
17  Loss Notice" each Plaintiff submitted to Defendants in March 2020, indicating a claimed loss of
18  $10,000. *Id*. at Ex. 1. On October 22, 2021, Plaintiffs provided the requested admission that the
19  Notices were "true and correct" copies. Verdugo Decl., Exs. J & K. Defendants filed their Notice
20  of Removal on November 22, 2021. Dkt. No. 1.

---

[1] Plaintiffs claim they served the complaint, and an amended complaint in August 2021, through various methods outlined in their policies, and through the Washington Office of Insurance Commissioner. *See* State Court Record, Dkt. No. 6, Exs. 5, 17-20; Decl. of Gabriel Verdugo, Ex. C.

ORDER TO SHOW CAUSE
RE: MOTION FOR REMAND

- 3

### III.    DISCUSSION

A. **Standard on Motion for Remand**

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. 28 U.S.C. § 1441(a). Traditional diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between diverse parties. 28 U.S.C. § 1332(a); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Diversity jurisdiction may alternatively (or additionally) exist under CAFA, which vests original jurisdiction with the district court over any class action of 100 or more class members in which the aggregate amount in controversy exceeds $5,000,000, provided "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d).

"The removing defendant has 'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement." *Abrego Abrego*, 443 F.3d at 682–83 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). CAFA liberalized for class actions the traditional diversity jurisdiction standard in some respects, but under either Section 1332(a) or Section 1332(d), it is still the removing defendant who has the burden of demonstrating removal is proper. *See Abrego Abrego*, 443 F.3d at 685 ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."). Thus, a "defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

ORDER TO SHOW CAUSE
RE: MOTION FOR REMAND

- 4

**B. Whether Defendants' Notice of Removal Was Timely**

Plaintiffs argue that Defendants' Notice of Removal was not timely under 28 U.S.C. § 1446, which governs the mechanics and requirements of removal. Section 1446(b) "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Carvalho*, 629 F.3d at 8855 (quoting § 1446(b)). The Ninth Circuit has held that "provided that neither of the two thirty-day periods under §1446(b)(1) and (b)(3) has been triggered, . . . [a] CAFA case may be removed at any time," and a non-CAFA case within one year of filing in state court. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013); 28 U.S.C. § 1446(c)(1).

Plaintiffs do not explicitly deny that the initial pleading in this case, which made no mention of the amount of Plaintiffs' losses, was not "removable on its face," and therefore appear to concede that the first 30-day period was never triggered. Instead, the dispute centers on whether the second 30-day window was triggered, and if so at what time. Plaintiffs argue that Defendants were in "receipt" of the "other paper"—that is, the Notice of Property Loss documents—as early as March 2020, when Plaintiffs first submitted them. However, the Ninth Circuit has held that "other paper" does not embrace "any document received prior to receipt of the initial pleading." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (citation omitted) ("Because Kuxhausen's demand letter was provided to BMW before she

ORDER TO SHOW CAUSE
RE: MOTION FOR REMAND

- 5

initiated her suit, it cannot trigger this thirty-day period."). If, as Plaintiffs claim, the Notices of Property Loss were originally received by Defendants in March 2020, they cannot be considered "other paper" triggering removability of a March 2021 complaint.

Nor does Defendants' subjective knowledge of the amount claimed in those Notices trigger their obligation to remove within 30 days. "Ninth Circuit precedent has expressly held that defendant's subjective knowledge of the relevant facts does not affect the time for removal." *Bush v. Valassis Communications, Inc.*, No. 2:13-cv-08479, 2014 WL 502584, *3 (C.D. Cal. Feb. 7, 2014) (citing *Harris*, 425 F.3d at 693). It is settled law that "a defendant is under no duty to investigate facts beyond the four corners of the complaint to determine whether the case might be removable." *Taylor v. United Rd. Servs., Inc.*, 313 F. Supp. 3d 1161, 1170 (E.D. Cal. 2018) (citing *Roth*, 720 F.3d at 1125).

Instead, Defendants argue, the Plaintiffs' "Loss Notices, first authenticated through Plaintiffs' discovery responses served on October 22, 2021, were the first documents from Plaintiffs which confirmed the amount in controversy triggering the 30-day removal clock." Defs.' Opp. at 8. If this is true, and Defendants filed their Notice of Removal on November 22, 2021, they removed this case within the second 30-day period provided under §1446(b)(3).[2] If, on

---

[2] It may seem unfair, as Plaintiffs argue, that Defendants should be able to start the removal clock at any time, simply by receiving back from Plaintiff certain documents that Plaintiffs had earlier submitted to them, with nothing more than Plaintiffs' acknowledgement that they are "true and correct" copies. In *Roth*, the Ninth Circuit acknowledged the forum-shopping hazard its holding enabled, allowing a defendant to "delay filing a notice of removal until a strategically advantageous moment." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013). The *Roth* court also observed, however, that "plaintiffs are in a position to protect themselves. If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained. 28 U.S.C. § 1446(b)(3). Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove." *Roth*, 720 F.3d at 1126.

ORDER TO SHOW CAUSE
RE: MOTION FOR REMAND

- 6

the other hand, those discovery responses did not contain sufficient information to trigger the second 30-day period, Defendants' removal was still timely, as a "CAFA case may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Roth*, 720 F.3d at 1126 (citing 28 U.S.C. 1453(b)). The Court therefore holds Defendants' removal was timely.

### C. Whether Court Has CAFA Jurisdiction Under 28 U.S.C. § 1332(d)

Plaintiffs argue that Defendants have failed to demonstrate that the claims here meet the aggregate $5 million amount-in-controversy threshold for jurisdiction under CAFA. As referenced above, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). While a notice of removal need only contain plausible allegations supporting jurisdiction, where, as here, a plaintiff disputes a removing defendant's claims and calculations, "[e]vidence establishing the amount is required." *Id*. In such a case, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,'" and then "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)).

In response to Plaintiffs' Motion for Remand, Defendants have not provided evidence supporting their claim that Plaintiffs have put more than $5 million in controversy. Instead, Defendants have merely multiplied hypothetical damages of $110,000 per class member (an

ORDER TO SHOW CAUSE
RE: MOTION FOR REMAND

- 7

Case 2:21-cv-01578-BJR   Document 19   Filed 04/20/22   Page 8 of 12

amount apparently extrapolated from the named Plaintiffs' Notice of Property Loss) by 100 (a presumed number of class members) for a total estimate of $11 million in controversy. In doing so, Defendants speculated as to the amount of the named Plaintiffs' damages, and assumed without reason that the other putative class members' claimed damages would be exactly the same, without providing the Court any evidence in support thereof. This guesswork would be insufficient under the most liberal interpretation of Defendants' burden, as "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197. It must especially be rejected where Plaintiffs call into question the accuracy (or indeed, plausibility) of Defendants' claim that all class members have suffered damages identical to the amount claimed by the named Plaintiffs, pointing out that the class includes "a variety of businesses in different parts of the State." Mot. at 10; *see Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020) ("A [plaintiff's] factual attack need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence."). This conclusion is particularly just where, as here, the information necessary to support Defendants' claims is most certainly in their exclusive possession.

While Defendants have provided the Court with inadequate justification for removal under § 1332(d), the Court is mindful that under CAFA and *Roth*, a defendant may be permitted to make successive attempts at removal if at some point in the future it becomes apparent that the jurisdictional requirements are in fact met. *Roth*, 720 F.3d at 1126 (citations omitted).[3] To avoid

---

[3] The *Roth* court held that a "CAFA case may be removed at any time, provided that neither of the two thirty-day periods under §1446(b)(1) and (b)(3) has been triggered." Because the Court concludes here that the $10,000

ORDER TO SHOW CAUSE
RE: MOTION FOR REMAND

- 8

this specter of inefficiency, and to ensure that the parties have had adequate opportunity to provide whatever evidence they believe support their jurisdictional claims, the Court hereby Orders Defendants to Show Cause why this matter should not be remanded for failure of Defendants to carry their burden of demonstrating, by a preponderance of the evidence, that the amount in controversy exceeds $5 million. Plaintiffs will have the opportunity to respond. Details regarding Defendants' response to this Order, and Plaintiffs' response thereto, are set forth *infra* Section IV.

### D. Whether Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

Finally, Plaintiffs argue that Defendants have also failed to demonstrate that this case meets the requirements for traditional diversity jurisdiction under Section 1332(a). District courts have diversity jurisdiction over civil cases where (1) the matter "is between ... citizens of different States," and (2) the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Among other things, Plaintiffs claim that in a lawsuit against "Certain Underwriters at Lloyd's London," "[e]ach amount in controversy must be established individually with respect to each Name subscribing to the policies in the dispute," and Defendants have failed to do so here. *Certain Underwriters at Lloyd's of London Syndicates v. Travelers Indem. Co.*, No. C06-5238 RBL, 2006 WL 1896341, at *2 (W.D. Wash. July 7, 2006); *see also PHL Variable Ins. Co. v. Cont'l Cas. Co.*, No. 19-CV-06799-CRB, 2020 WL 1288454, at *3 (N.D. Cal. Mar. 18, 2020) ("The prevailing trend, and the trend in California and in this District, is to adopt the Second Circuit's treatment of Lloyd's articulated in *E.R. Squibb & Sons,*

---

Notices of Property Loss are an insufficient basis for Defendants' claim of jurisdiction under CAFA, it is possible that neither 30-day period has been triggered. The Court need not, and does not, decide that question here.

ORDER TO SHOW CAUSE
RE: MOTION FOR REMAND

- 9

*Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 931 (2d Cir. 1998), which requires a court to consider the citizenship and amount in controversy *as to each Name* for the purposes of diversity analysis."); *Zidell Marine Corp. v. Beneficial Fire & Cas. Ins. Co.*, 2003 WL 27176596, at *4 (W.D. Wash. Dec. 4, 2003) ("Because the Names are severally liable to plaintiff, each has, in effect, a separate contract with plaintiff to pay his or her percentage of a covered loss. As such, each Name is a 'defendant' in an action to enforce the terms of the contract[.]").

Here, Defendants have not only failed to dispute this prevailing authority; they have failed even to allege that all Names meet the amount-in-controversy threshold. Without knowing the citizenship or even the identity of the Names, the Court also cannot verify Defendants' claim to diversity of citizenship, or ascertain whether the unsupported, conclusory allegation in the Notice of Removal that "Defendants are all domiciled in the United Kingdom and none are citizens of Washington" is accurate or sufficient.[4] *See PHL Variable Ins. Co.*, 2020 WL 1288454, at *4 ("[T]he party invoking diversity jurisdiction over Lloyd's underwriters must establish diversity of citizenship as to each of the individual Names that make up a syndicate, rather than just the lead underwriter or managing agent of a given policy.") (citing *Squibb*, 160 F.3d at 931).[5]

In summary, Defendants have failed to meet their burden of demonstrating that this Court

---

[4] Defendants alleged that "the diversity of citizenship requirement of 28 U.S.C. § 1332 has been satisfied because Plaintiffs are Washington State limited liability companies, with their principal place of business in Kings [*sic*] County, Washington, and thus, they are Washington citizens." Not. of Rem. ¶ 16. The citizenship of an LLC is not where its principal place of business is located, but is the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Nevertheless, Defendants have adequately alleged Plaintiffs are Washington citizens, and Plaintiffs have not disputed the factual accuracy of this allegation. The Court thus takes it as true for purposes of establishing jurisdiction.

[5] Plaintiffs also argue that Defendants' removal is deficient because "Defendants have not identified the Names," and thus "cannot establish whether they consented to removal." Mot. at 9 (citing 28 U.S.C. § 1446(b)(2)(A)). Plaintiffs do not supply authority for the premise underlying this argument, that Defendants must have the consent of all *Names* (and not just all "defendants who have been properly joined and served"), and the Court was unable to identify any. Furthermore, it appears that the only two named Defendants that Plaintiffs claim to have "properly joined and served" with the operative amended complaint are in fact the parties who filed the Notice of Removal.

ORDER TO SHOW CAUSE
RE: MOTION FOR REMAND

- 10

has subject matter jurisdiction based on diversity. In their response to this Order to Show Cause, Defendants shall also provide the Court with any information and evidence in their possession necessary to support their claim to this Court's jurisdiction under 28 U.S.C. § 1332(a).

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby ORDERS Defendants to SHOW CAUSE why Plaintiffs' Motion for Remand should not be granted. In its submission, "Defendants need not make the plaintiff's case for it or prove the amount in controversy beyond a legal certainty," and the Court does not intend to "perform a detailed mathematical calculation of the amount in controversy before determining whether the defendant has satisfied its burden." *Harris*, 980 F.3d at 701 (citations omitted). Nonetheless, the jurisdictional "requirements are to be tested by consideration of *real evidence* and the reality of what is at stake in the litigation, using *reasonable assumptions* underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198 (emphasis added). In addition, Defendants shall include any evidentiary support for their assertion that that there is complete diversity of the parties under § 1332(a) and the rule, articulated in *E.R. Squibb* and related cases, "which requires a court to consider the citizenship . . . *as to each Name* for the purposes of diversity analysis." *PHL Variable Ins. Co.*, 2020 WL 1288454, at *3 (citing *E.R. Squibb*, 160 F.3d at 931).

Defendants shall file this response to this Order to Show Cause no later than May 4, 2022; Plaintiffs may file a response thereto no later than May 13, 2022. Neither side's submission shall exceed ten pages of briefing, though the parties may submit within reason whatever written evidentiary material they consider necessary and appropriate.

///

ORDER TO SHOW CAUSE
RE: MOTION FOR REMAND

- 11

DATED this 20th day of April, 2022.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge